07-799-3624

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADORACION PANTALEON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 08 CV 3730 |
| ) | |
| NATIONWIDE INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### RESPONSE TO NATIONWIDE'S MOTION TO DISMISS

NOW COMES the Plaintiff, ADORACION PANTALEON, by her attorneys, NEWMAN RAIZ, LLC, and for her Response to Nationwide's Motion to Dismiss, Plaintiff states as follows:

### THE UNDERLYING CLAIM

On April 10, 2007 at approximately 7:00 pm, Yasuo Ito ("Ito") crossed over a median, driving his vehicle in the wrong direction in the westbound lanes of a controlled access highway. Ito struck plaintiff's vehicle in the westbound lanes of Interstate 88 near milepost 116. Thomas Kuter ("Kuter") was also driving westbound on I-88, behind Plaintiff's vehicle. After Ito's vehicle struck Plaintiff's vehicle, Kuter's vehicle ran into Plaintiff's vehicle.

Plaintiff filed suit against both Ito and Kuter for her injuries in the Sixteenth Judicial Circuit, Kane County. Plaintiff subsequently settled her claim against Ito, with full approval from her insurer, Nationwide. See Exhibit G of Plaintiff's Complaint. The Circuit Court made a finding of good faith settlement with regard to her claim against Ito. See Exhibit E of Plaintiff's Complaint. Her claim against Kuter is still pending in the Sixteenth Judicial Circuit.

1

After settling with Ito, the main tortfeasor, Plaintiff repeatedly requested her insurer, Nationwide, provide underinsured coverage under her policy or submit to arbitration. Nationwide refused her demands. Plaintiff then filed suit against Nationwide, attempting to compel it to proceed with arbitration, in the Sixteenth Judicial Circuit. Defendant Nationwide then removed this matter to federal court.

## INTRODUCTION

This matter was brought against Nationwide seeking a declaratory judgment compelling Nationwide to arbitrate an underinsured motorist claim. Plaintiff also seeks an award of attorneys' fees and costs pursuant to 215 ILCS §5/155. Nationwide seeks to dismiss Plaintiff's complaint, arguing first that Plaintiff's complaint is premature, and second, that even if Plaintiff's complaint is not premature, the matter should still be dismissed because Plaintiff can pursue arbitration via the American Arbitration Association ("AAA"). Nationwide's Motion is without merit, as Plaintiff is not required to exhaust all applicable bodily injury liability insurance policies prior to pursuing Nationwide. Moreover, Plaintiff is not required to pursue arbitration through AAA.

## ARGUMENT

**I.     Plaintiff exhausted Ito's policy and is not required to exhaust Kuter's policy prior to pursuing Nationwide's underinsured motorist claim through arbitration.**

In *Lemna v. United Services Automobile Assoc.*, 273 Ill.App.3d 90 (1995), the court held that the statute allowing automobile insurance policies to contain pre-exhaustion clauses denying payment of underinsured motorist (UIM) benefits until liability limits are exhausted permits delay of arbitration over UIM payments until liability limits are exhausted by judgment or settlement. Prior to exhaustion, an insured cannot require an insurer to unwillingly arbitrate a

2

claim for UIM benefits. *Lemna*, 273 Ill.App.3d at 944. Plaintiff concedes *Lemna's* point: Plaintiff is required to exhaust the limits of the *underinsured vehicle*, either by settlement or judgment, prior to pursuing UIM benefits. Plaintiff has done so: she has exhausted Ito's policy.

*Wilhelm v. Universal Underwriters Insurance Co.*, 60 Ill.App.3d 894 (1978), is on point. In *Wilhelm*, plaintiff was involved in an automobile accident with two tortfeasors, one uninsured and one insured. The trial court barred arbitration of plaintiff's uninsured motorist claim until plaintiff completed its pending litigation against the insured tortfeasor. The appellate court reversed that portion of the trial court's order and stated:

> One of the prime purposes of an agreement to arbitrate is to enable the parties to secure a speedy determination of the differences between them without conforming to the strict formalities necessary in a court of law. *Liberty Mutual Insurance Co. v. Gottlieb*, 54 Misc.2d 184 (1967). This purpose would be completely defeated by the trial court's order barring the arbitration to which the plaintiff is entitled, by the policy's own provision, until such time as the claim against [the insured tortfeasor] is finally determined, perhaps years from now. *Wilhelm*, 60 Ill.App.3d at 899.

Moreover, the *Wilhelm* court specifically noted:

> [I]t seems clear that the insured is entitled to recover if an uninsured motor vehicle caused the injury. **The insured is not required to prove that there are no other sources of recovery** such as insured motorists who may also be liable for the accident. *Wilhelm*, 60 Ill.App.3d at 900. (emphasis added).

As the *Wilhelm* court pointed out, "[i]f the insurer is not required to pay until after all other possible sources of recovery have been exhausted, [repayment rights] would be meaningless. *Wilhelm*, 60 Ill.App.3d at 900.

The Illinois Insurance Code, 215 ILCS 5/143a-2 states, in relevant part:

> (7) A policy which provides underinsured motor vehicle coverage may include a clause which denies payment until the limits of liability or portion thereof under all bodily injury liability insurance policies *applicable to the underinsured motor vehicle* and its operators have been partially or fully exhausted by payment of judgment or settlement. A judgment or settlement of the

3

bodily injury claim in an amount less than the limits of liability of the bodily injury coverages applicable to the claim shall not preclude the claimant from making an underinsured motorist claim against the underinsured motorist coverage. (emphasis added).

There is nothing in the statute indicating that underinsured coverage is only available if no other source of recovery is available. Plaintiff has exhausted the policy of the underinsured vehicle, Ito's vehicle, pursuant to a settlement agreement, which was approved by Nationwide. As such, she is now seeking underinsured coverage *for the underinsured vehicle*, Ito's vehicle. Her claim against Ito has been concluded, as she has reached settlement with Ito's insurer. Her repeated requests to Nationwide to arbitrate the underinsured claim, and her subsequent filing of this declaratory action, are therefore timely.

Nationwide is attempting to argue that because the underlying case against Kuter is not resolved, Plaintiff cannot file suit against Nationwide for underinsured coverage. That there is another tortfeasor does not preclude Plaintiff from pursuing the underinsured coverage. Plaintiff must only exhaust Ito's coverage, the underinsured vehicle, prior to pursuing underinsured coverage.

Ito and Kuter cannot be considered jointly and severally liable for any damages, as Nationwide may suggest. As held in *Illinois Farmers Insurance Co. v. Hall*, joint and several liability does not apply to arbitration regarding insurance coverage. *Hall*, 363 Ill.App.3d 989 (2006). Specifically, arbitration proceedings regarding uninsured motorist insurance coverage issues for an automobile accident is not an action based on negligence, but rather involves a contract dispute, and thus, the joint and several liability statute does not apply. *Hall*, 363 Ill.App.3d at 998.

As such, this action is not premature and Nationwide's Motion to Dismiss should be denied.

**II.    Plaintiff is not required to pursue arbitration through AAA prior to pursuing Nationwide's underinsured motorist claim.**

As Nationwide's Motion suggests, Plaintiff *could* have submitted to arbitration through other venues. However, Plaintiff does not *have* to submit to arbitration through other venues.

The Illinois Insurance Code, 215 ILCS 5/143a provides, in part

> Upon the insured requesting arbitration, each party to the dispute shall select an arbitrator and the 2 arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request, either party *may* request that the arbitration be submitted to the American Arbitration Association. (emphasis added).

The Nationwide policy includes a similar provision:

> After written demand for arbitration by the insured, each party will select a competent arbitrator. The two so selected will select a third.
>
> If these arbitrators are not selected within 45 days after the written demand for arbitration by the insured, either party *may* request that arbitration be submitted to the American Arbitration Association. See Exhibit A to Plaintiff's Complaint, p. U4. (emphasis added).

It is clear from both the Illinois Insurance Code and Nationwide's own policy that Plaintiff *may* choose to send the matter to the American Arbitration Association ("AAA"). Plaintiff is no *required* to do so. The language in both the Insurance Code and the policy is permissive in nature, not requisite. The word "may" is generally regarded as indicating a permissive or directory reading. *People v. Reed*, 177 Ill.2d 389, 393 (1997).

Further, declaratory relief is not defeated by the mere existence of another form of action which could be presently employed. The tendency seems to be to liberalize the use of the declaratory judgment action and for the court to take jurisdiction, notwithstanding there is an adequate remedy by some other means. *Albright v. Phelan*, 2 Ill.App.3d 142 (1971), citing *Koziol v. Village of Rosemont*, 32 Ill.App.2d 320 (1961).

Plaintiff attempted, on numerous occasions, to arbitrate this matter. Through counsel, she began communicating with Nationwide in April of 2007. See Exhibit B to Plaintiff's Complaint. For months, Plaintiff's counsel communicated with Nationwide directly, pursuing her underinsured motorist benefits. Plaintiff named her own arbitrator in March of 2008. See Exhibits F – H of Plaintiff's Complaint. Plaintiff received no response from Nationwide. Nationwide never selected an arbitrator, never raised a coverage position, including that of prematurity, and never indicated it would do so. If Nationwide was willing to arbitrate the matter, without being compelled to do so, it would have named its arbitrator upon Plaintiff's request. Plaintiff is within her rights to file this action and is not required to pursue other avenues of arbitration.

As such, Nationwide's Motion to Dismiss should be denied.

/s/     Brianne M. Connell
Brianne M. Connell

Brianne M. Connell – ARDC #6288383
**NEWMAN RAIZ, L.L.C.**
Two First National Plaza
20 S. Clark St., Ste. 1510
Chicago, IL 60603
(312) 580-9000
(312) 580-9111 Fax
bmconnell@nrhlaw.com

## CERTIFICATE OF SERVICE

I, Brianne M. Connell, certify that I served the foregoing Motion for Remand upon those listed below via e-filing and U.S. mail, proper postage prepaid, on the 23rd day of July, 2008.

Clerk of the Court
US District Court
Northern District of Illinois, Eastern Division
219 S. Dearborn
Chicago, IL 60604

David E. Kawala
Mario M. Iveljic
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611

/s/   Brianne M. Connell
Brianne M. Connell

Brianne M. Connell – ARDC #6288383
**NEWMAN RAIZ, L.L.C.**
Two First National Plaza
20 S. Clark St., Ste. 1510
Chicago, IL 60603
(312) 580-9000
(312)580-9111 Fax
bmconnell@nrhlaw.com