IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADORACION PANTALEON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 CV 3730 |
| | ) | |
| NATIONWIDE INSURANCE COMPANY | ) | Honorable Judge Zagel |
| OF AMERICA, | ) | Magistrate Judge Keys |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Defendant, Nationwide Insurance Company of America ("Nationwide"), by counsel, David E. Kawala and Mario M. Iveljic of Swanson, Martin & Bell, LLP, submits its reply in support of its Rule 12(b)(6) motion to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted. In support thereof, Nationwide states as follows:

## INTRODUCTION

Plaintiff ignores the purpose of underinsured motorist coverage and relies on outdated legal authority in claiming that arbitration is proper under the circumstances presented here. Overall, plaintiff's interpretation of underinsured motorist coverage would lead to an absurd result that contrary to the purpose of underinsured motorist coverage. Accordingly, Defendant's motion to dismiss must be granted.

1

## ARGUMENT

I. UNDER THE TERMS OF THE NATIONWIDE INSURANCE POLICY, PLAINTIFF MUST FULLY OR PARTIALLY EXHAUST KUTER'S POLICY BEFORE PURSUING AN UNDERINSURED MOTORIST CLAIM.

Plaintiff contends that she was required to exhaust the limits of Yasuo Ito's vehicle before pursuing the underinsured motorist benefits contained in her Nationwide Insurance policy. Plaintiff recognized her obligation to pursue her claims against potential tortfeasors, such as Yasuo Ito, before requesting underinsured motorist coverage from Nationwide. But, plaintiff claims that she does not, likewise, have the obligation to pursue and exhaust her claims against Mr. Kuter, another potential tortfeasor, for causing the personal injuries which plaintiff complains of. Plaintiff's position is inconsistent and illogical.

Plaintiff relies on *Wilhelm v. Universal Underwriters Insurance Co.*, 60 Ill.App.3d 894 (1978) to justify her position. Contrary to plaintiff's claim, *Wilhelm* is not on point and, in fact, is inapplicable here considering the Illinois Legislature's allowance of pre-exhaustion clauses in insurance policies as of January 1, 1990.

In *Wilhelm*, plaintiff filed suit against defendants Henning and Andrews. After the insurance carrier for Henning refused to provide coverage to plaintiff under Henning's policy, plaintiff made a claim to her insurance carrier under the uninsured motorist provisions of her insurance policy. 60 Ill.App.3d at 895. Her carrier denied coverage. *Id.* The court ultimately ruled that plaintiff was not required to wait until the claim of the insured, Andrews, was concluded before proceeding with uninsured motorist arbitration pursuant to Henning's policy. *Id.*

Plaintiff relies upon that portion of the *Wilhelm* opinion that indicates that "[t]he insured is not required to prove that there are no other sources of recovery such as insured motorists who may also be liable for the accident." 60 Ill.App.3d at 900. However, in making that statement, the court made certain findings that are inapplicable to the subject Nationwide policy. Significantly, the court noted in *Wilhelm* that "there is nothing in [the uninsured's] policy providing that where its insured has a possible claim against an insured motorist, arbitration cannot commence until the validity of that claim is determined." *Id.*, at 899. Furthermore, the court noted, "there is nothing in the statute indicating that the insurance required by the statute was to be available only if no other source of recovery were available. To the contrary, the statute provides that the insurer, having paid the claim, is entitled to recover, to the extent of such payment, out of the proceeds of any settlement or judgment against any person legally responsible for the injury. If the insurer is not required to pay until after all other possible sources of recovery have been exhausted, this provision would be meaningless." *Id.*

*Wilhelm* was decided before the Illinois Insurance Code included a provision which allowed insurers to include a pre-exhaustion clause in their underinsured motorist insurance policies. *Lemna v. United Services Automobile Association*, 273 Ill.App.3d 90, 93 (3rd Dist. 1995). The provision allowing the use of pre-exhaustion clauses became effective on January 1, 1990, after *Wilhelm* was decided. *Id.* Consistent with the Illinois Insurance Code, Nationwide's Underinsured Motorist Insurance policy contained a pre-exhaustion clause which provides in no uncertain terms:

> **We will not pay any underinsured motorist loss until the limits of all bodily injury liability coverage available from any source have been fully or partially exhausted by payment of settlements or judgments to the insured…**

See Exhibit A to Plaintiff's Complaint, pg. U4. This provision was not included in the uninsured motorist's insurance policy in *Wilhelm* and was a primary basis for the allowance of the plaintiff in *Wilhelm* to pursue an underinsured motorist claim while she was still pursuing a civil action against a potential tortfeasor.

Plaintiff contends that "there is nothing in the statute indicating that underinsured motorist coverage is only available if no other source of recovery is available." Plaintiff's Response, pg. 4. That statement is, incidentally, taken almost verbatim from the *Wilhelm* decision. *Wilhelm*, 60 Ill.App.3d at 899. As noted above, however, the *Wilhelm* decision was premised on the fact that the Illinois Insurance Code did not contain any provision entitling insurers to include a pre-exhaustion clause in their insurance policies. However, after the *Wilhelm* decision, the Illinois Insurance Code was amended to allow insurers to delay the provision underinsured motor vehicle coverage until all bodily injury liability insurance policies have been exhausted by payment of judgment or settlement. Here, the subject Nationwide policy adopts that provision.

Plaintiff contends that the existence of another tortfeasor "does not preclude plaintiff from pursuing the underinsured coverage." Plaintiff's Response, pg. 4. However, plaintiff ignores the clear, equivocal and express provision of her contract with Nationwide, referenced above, that requires her to "fully or partially" exhaust the limits of <u>all</u> bodily injury liability coverage available from <u>any</u> source before proceeding with an underinsured motorist claim. Here, plaintiff has brought a lawsuit against Kuter which plaintiff claims is meritorious and which may result in plaintiff recovering from Kuter and/or Kuter's insurance carrier. Here, plaintiff has admittedly failed to exhaust all sources of coverage given her lawsuit against Kuter is still pending. Plaintiff cannot require Nationwide to unwillingly arbitrate her underinsurance claim until she fully or partially

exhausts the limits of Kuter's insurance policy. *Lemna*, 273 Ill.App.3d at 93-94. Even though plaintiff claims that Ito is the "underinsured vehicle," there are two potential tortfeasors, Ito and Kuter, who can be properly described as "underinsured vehicles." If plaintiff makes the necessary recovery from Kuter, there may be no need for plaintiff to pursue an underinsured motorist claim.

Oddly, plaintiff did not demand underinsured motorist arbitration from Nationwide until she had reached a settlement with Ito in early 2008. Plaintiff's conduct in waiting to demand underinsured motorist arbitration against Nationwide after plaintiff pursued and resolved her claim against Ito demonstrates plaintiff's understanding that demanding underinsured motorist arbitration against Nationwide was premature until that personal injury claim was resolved. Plaintiff recovered from Ito, which would obviously affect what monies plaintiff could demand under the Nationwide underinsured motorist policy. The underinsured motorist provisions of plaintiff's Nationwide insurance policy provides that "the limits of [Nationwide's] coverage or any amounts payable under this coverage, whichever are less, will be reduced by (a) any amount paid by or for any liable parties..." Exhibit A to plaintiff's Complaint, pg. U5. The amount of the offset cannot be determined under all other sources of recovery are exhausted, consistent with the provision requiring plaintiff to "fully or partially" exhaust the limits of <u>all</u> bodily injury liability coverage available from <u>any</u> source before proceeding with an underinsured motorist claim.

Plaintiff's interpretation of the underinsured motorist provision would lead to an absurd result. Under plaintiff's interpretation, she could recover $100,000.00 from Ito through settlement; she could recover $200,000.00 in underinsured motorist benefits from Nationwide (the difference between what plaintiff recovered from Ito and the $300,000.00 limit of Nationwide's underinsured motorist coverage); and she could recover, in addition, up to $300,000.00 – the limit of Nationwide's

underinsured motorist coverage – through Nationwide and Kuter. Under these circumstances, it is possible that Nationwide would be required to pay more than the $300,000.00 limit of its underinsured motorist coverage. This is not what the legislature intended when it enacted the underinsured motorist statute, which was designed to assure compensation in an amount equal to, but not exceeding, the limit of underinsured motorist coverage specified in the insured's policy. *Koperski v. Amica Mut. Ins. Co.*, 287 Ill.App.3d 494 (1st Dist. 1997).

Because the *Kuter* lawsuit is pending, plaintiff cannot require Nationwide to arbitrate an underinsured motorist claim at the present time. Plaintiff's Complaint must, therefore, be dismissed for failure to state a claim upon which relief can be granted.

## II. PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE SHE CAN SUBMIT TO ARBITRATION PURSUANT TO ILLINOIS LAW, 215 ILCS 5/143A, AND PURSUANT TO THE NATIONWIDE INSURANCE POLICY.

Illinois state courts have noted that the existence of another remedy has an important bearing on the question of whether declaratory relief will be granted. *Albright v Phelan*, 2 Ill.App.3d 142 (1st Dist. 1971). Although declaratory judgment is not designed to supplant other remedies, the existence of another remedy may constitute sufficient grounds for a dismissal in the trial court's discretion. *Marlow v. American Suzuki Motor Corp.*, 222 Ill.App.3d 722, 728 (1st Dist. 1991) (declaratory judgment class action dismissed when "there was another traditional remedy available as evidenced by the common law actions the plaintiffs filed" individually); *Gagne v. Village of La Grange*, 36 Ill.App.3d 864 (1st Dist. 1976).

The federal courts, likewise, have declared that declaratory relief is inappropriate where "more effective relief" can be obtained by another procedure. *Cunningham Bros. v. Bail*, 407 Ill.2d 1165, 1168 (7th Cir. 1969). If another remedy provides the party seeking declaratory relief with

procedural safeguards to insure the availability of a proper remedy, the courts, in exercising their discretion, may properly dismiss a declaratory judgment action. *Id.*, at 1169.

Here, plaintiff seeks to compel Nationwide to arbitration. Specifically, plaintiff claims that Nationwide failed to name an arbitrator. The option contained in the Nationwide policy of pursuing arbitration through the American Arbitration Association addresses that issue and would allow plaintiff to proceed with this underinsured motorist claim (if it is timely) without the need to file this lawsuit. To that end, plaintiff is not precluded by Nationwide's alleged failure to name an arbitrator. Plaintiff offers no excuse to explain why she cannot arbitrate through the American Arbitration Association. Since plaintiff is seeking an equitable remedy, this Court should consider plaintiff's failure to pursue arbitration through the American Arbitration Association in deciding whether to grant relief here.

Rather than pursue arbitration through the American Arbitration Association as is her right under the Nationwide Insurance policy and the Illinois Insurance Code, plaintiff filed the instant lawsuit and has caused Nationwide to incur significant time and expense in defense. Plaintiff ignores the provisions of the Illinois Insurance Code and the Nationwide Insurance policy that provide an avenue to a party demanding uninsured motorist arbitration to submit the matter to the American Arbitration Association. She failed to exhaust the very remedy in the Nationwide policy which addresses the opposing party's failure to name an arbitrator. Plaintiff's Complaint must be dismissed as her remedy is to submit the claim, assuming it is timely, to the American Arbitration Association.

## **CONCLUSION**

For these reasons, the Defendant, Nationwide Insurance Company of America, respectfully

requests that this Court dismiss the Plaintiff's Complaint for failure to state a cause of action and for any further relief to which this Court may deem just and appropriate.

WHEREFORE, Defendant NATIONWIDE INSURANCE COMPANY OF AMERICA respectfully requests that this Court grant its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, enter an order dismissing Plaintiff's claims with prejudice, and for any other relief this Court deems just and proper, including reasonable costs and attorneys' fees expended by this defendant.

ORAL ARGUMENT REQUESTED.

>Respectfully Submitted,
>
>By: /s/ Mario M. Iveljic
>One of the attorneys for the Defendant
>Nationwide Insurance Company of America

David E. Kawala ARDC# 6191156
Mario M. Iveljic, ARDC# 6280267
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
(312) 321-0990 FAX
dkawala@smbtrials.com
miveljic@smbtrials.com